IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANNIE PETERS                                                                                    PLAINTIFF

VS.                                                                                   No. 1:05CV85-D-D

STATE FARM MUTUAL AUTOMOBILE
 INSURANCE COMPANY                                                                      DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant's motion for summary judgment. Upon due consideration, the Court finds that th motion shall be granted.

*A. Factual Background*

The Plaintiff originally filed this fraud and misrepresentation claim in the Circuit Court of Clay County, Mississippi, on January 20, 2005. On March 22, 2002, an automobile accident occurred involving the Plaintiff and State Farm insured, David Riley. It is obvious from the pleadings and discovery that Plaintiff and Defendant hold different opinions on the severity of that accident. Plaintiff retained Schwartz & Associates and within six months demanded a settlement of about forty thousand dollars. The Defendant countered by offering $2,185.40. Schwartz indicated Defendant's offer was acceptable. However, Plaintiff denied giving Schwartz the authority to settle for this amount and terminated her relationship with them.

The Plaintiff briefly had a relationship with another law firm, but that relationship was quickly terminated. The Plaintiff then began direct conversations and negotiations with the Defendant. After a period of time, the Defendant increased the settlement offer to $2,800. Plaintiff agreed that this offer was acceptable because Defendant made it clear it would go no higher. Plaintiff traveled to Defendant's Columbus, Mississippi office to retrieve her settlement

check. Plaintiff was asked to sign certain documents. One of these documents was a "Release."

This controversy centers around the Release. The Plaintiff alleges that she was unaware of Defendant's requirement to sign the release before they issued her settlement check. Plaintiff acknowledges both signing and not reading the release. Plaintiff alleges that the Release itself is ambiguous. In addition, Plaintiff alleges she could not understand the release or its ramifications. Finally, Plaintiff alleges that the Defendant misrepresented the settlement check and fraudulently induced her to sign the release.

The Defendant now moves this Court to enter summary judgment against the Plaintiff. Defendant alleges that the Release was unambiguous and that there is no dispute that the Plaintiff signed it. In addition, Defendant argues that Plaintiff is not excused from a binding contract because she failed to read it. Defendant alleges that there was not a misrepresentation and that Plaintiff cannot prove fraud or misrepresentation by clear and convincing evidence. Defendant also states that a confidential relationship did not exist between Plaintiff and Defendant. Finally, Defendant states that Plaintiff's remedy is not against the Defendant because Mississippi is not a "direct action" state.

### B. *Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case" Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Applicable Law*

Federal Courts sitting in diversity must apply state substantive law. See Krieser v. Hobbs, 166 F.3d 736, 739 (5th Cir. 1999). "The core of what has become known as the 'Erie Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law." Hanley v. Forrester, 903 F.2d 1030, 1020 (5th Cir. 1990) (*citing* Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 2d 1188 (1938)). When deciding an unsettled issue of state law, this Court must consider how the Mississippi Supreme Court has, or would, interpret the question. See Batts v. Tow-Motor Forklift Co., 978 F.2d 1386, 1389 (5th Cir. 1992) (*citing* American Waste & Pollution Control Co. V. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir.1991)). The Court must first determine whether any

final decisions of the Mississippi Supreme Court are dispositive. See Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co., 953 F.2d 985, 988 (5th Cir. 1992). When a Court must make an Erie guess, it is not the Court's role to create or modify state law, but rather only to predict it. Batts, 978 F.2d at 1386.

This controversy implicates the law of contracts and the execution of documents. "In Mississippi, a person is charged with knowing the contents of any document he executes." Russell v. Performance Toyota, Inc., 826 So. 2d 719, 725 (Miss. 2002) (citing J.R. Watkins Co. v. Runnels, 172 So. 2d 567, 571 (1965) ("A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him.")). "A person is under no obligation to read a contract before signing it, and will not as a general rule be heard to complain an of an oral misrepresentation the error of which would have been disclosed be reading the contract." Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., 584 So. 2d 1254, 1257 (Miss. 1991). "To permit a party when sued on a written contract, to admit he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts." Alliance Trust Co., Ltd. v. Armstrong, 186 So. 633, 635 (Miss. 1939).

It is well-settled law in Mississippi that fraud and/or intentional misrepresentation must be proved by clear and convincing evidence. Hobbs Automotive, Inc. v. Dorsey, 914 So. 2d 148, 152 (Miss. 2005). In order to establish fraud or misrepresentation, the following elements must be proven by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted upon by the hearer and in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely, thereon; and (9) his

consequent and proximate injury.  Id. at 153; Spragins v. Suntrust Bank, 605 So. 2d 777, 780 (Miss. 1992); Bank of Shaw v. Posey, 573 So. 2d 1355, 1362 (Miss.1990); Ezell v. Robbins, 533 So. 2d 457, 461 (Miss. 1988).

*D. Discussion*

The Defendant moves for summary judgment on a variety of grounds.  First, Defendant states that Plaintiff is charged with reading what she signs and that the release is unambiguous.  Second, the Defendant alleges that Plaintiff cannot prove fraud or misrepresentation by clear and convincing evidence.  Finally, the Defendant states that Plaintiff's action is not against State Farm.  The Court will consider each of the Defendant's arguments.

1.  The Release

Since the Release is the crux of this controversy, the Court will look at it carefully.  The Release states:

> For the sole consideration of Two thousand eight hundred dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Amy Riley, her heirs, executors, administrators, agents, and assigns, and all other persons, firms, or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries, known or unknown, both to person and property, which have resulted, or may in the future develop from an accident which occurred on or about March 22, 2002, at or near Old West Point Road.

Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.

The Court is satisfied that the above release in unambiguous. The Court notes again that in Mississippi, a person is charged with knowing the contents of any document that he executes. Andrus v. Ellis, 887 So. 2d 175, 180 (Miss. 2004) (*quoting* Russell, 826 So. 2d at 725)). The record shows that the Plaintiff signed the document in question and was able to read the contents of that document. The Court finds that the Release is short in nature and not overly complicated. Thus, the Court opines that if Plaintiff was willing to drive to Columbus to collect her check, she could have taken an extra five minutes to read the Release. As such, the Plaintiff is charged with knowing the contents of the document she signed.

The Plaintiff argues that she did not understand what she was signing, and was unable to appreciate the fact that accepting the check would preclude her from filing a lawsuit. Mississippi law states that in order to prove that one is non corpus mentis, it must be proven by clear and convincing evidence. Morgan v. Citizens Bank, 912 So. 2d 1133, 1136 (Miss. Ct. App. 2005) (*citing* Smith v. Smith, 574 So. 2d 644, 652 (Miss. 1990). In the Morgan case, the Plaintiff submitted affidavits contending that the Plaintiff suffered from a mental deficiency that would

impair his ability to contract. Id. In the case *sub judice*, Plaintiff alleged that she could not understand the situation or the terms of the release. However, the Plaintiff has failed to provide the Court with any clear and convincing proof. The Plaintiff has not alleged she could not read, had a learning disability, or was mentally incompetent. In addition, Plaintiff's statements in depositions show that while she may not be a proficient reader; she can read. The Plaintiff's statements in depositions showed that she appreciated the ramifications of the check and the release. Therefore, the Court finds no issue of material fact remains on this subject because Plaintiff is charged with knowing what she signed despite not reading it.

2. Fraud/Misrepresentation Claim

While the Plaintiff is charged with knowing what she signed, she can overcome that burden if she can prove the Defendant committed fraud or misrepresentation by clear and convincing evidence. The Court finds that the only representation made to the Plaintiff was contained in the release and it was definitely not false. In addition, Plaintiff has not alleged that State Farm agents promised her anything else. The agents merely stated she must sign the documents to receive her money and to take as long as she needed to read them. Nothing the agents stated was false. Plaintiff cannot make a prima facie case for fraud or misrepresentation because she cannot prove all nine elements by clear and convincing evidence. Therefore, there is no genuine issue of material fact associated with the fraud claim.

3. Direct Actions

The Defendant alleges that even if the Release was void or voidable, the Plaintiff's remedy is not against State Farm, but State Farm Insured David Riley. Defendant asserts that Mississippi is not a direct action state. The Court finds that Defendant's reliance on Westmoreland v. Roper, 511 So. 2d 884, 885 (Miss. 1987), is misplaced. The Mississippi

Supreme Court overruled Westmoreland in State Farm Mut. Auto Ins. Co. v. Eakins, 748 So. 2d 745 (Miss. 1999). The Court held that under Rule 57 of the Mississippi Rules of Civil Procedure, an insurance company may be named as a party for the purpose of seeking a declaratory judgment on the question of coverage. Jackson v. Daley, 739 So. 2d 1031, 1038 (Miss. 1999). Rule 57 was amended in 2000 to modify the rule which prohibited any kind of direct action against an insurer. Poindexter v. S. United Fire Ins. Co., 838 So. 2d 964, 967 (Miss. 2003). The Amended Rule 57 now reads: "A contract may be construed either before or after there has been a breach thereof. Where an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract over the claim." Miss. R. Civ. P. 57.

In the case *sub judice*, the Court finds that the Defendant had not denied coverage, but merely limited the amount of money it was willing to pay. Thus, the suit against State Farm alone was misplaced. Thus, no issue of genuine material fact exists here.

4. Defendant's Objection

The Plaintiff objects to Defendant's motion for summary judgment because it was filed three days after the Court's deadline. Failure to timely submit a required motion may result in denial of the motion. Unif. Local Rule 7.2(D). The Court notes the Plaintiff's objection, but Defendant's deadline was on Friday and he submitted it on Monday, merely one day late. The Court in its discretion agreed to hear the motion. Plaintiff's objection is noted and overruled.

*E. Conclusion*

After careful consideration, the Court finds that there are no genuine issues of material fact in this case, and the Defendant is entitled to judgment as a matter of law. The Court finds that the Plaintiff was competent to understand what she was signing and that she is charged with

knowledge of the Release even though she did not read it. In addition, the Court finds Plaintiff cannot prove a prima facie case of fraud or misrepresentation. The Court also finds that Mississippi does not allow direct actions against insurance companies unless coverage his been denied. Finally, the Court noted Plaintiff's objection to this motion and overrules such objection. Therefore, there are no issues of genuine material face and Defendant is entitled to judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

This the 17th day of January 2006.

/s/ Glen H. Davidson
Chief Judge